Gregory B. Smith (USB #6657)
GREG SMITH & ASSOCIATES (ALAPC)
111 East 5600 South, Suite 105
Murray, Utah 84107
Telephone: (801) 651-1512
email: gs@justiceinutahnow.com

*Attorney for Aimee Dansie.*

---

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AIMEE DANSIE,<br><br>Plaintiff,<br><br>vs.<br><br>MATT NIELSON AND RON JENSEN AND CLEAR PATHWAYS RESIDENTIAL (RECOVERY LIFESTYLE CENTER) LLC.[1]<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>(JURY TRIAL DEMANDED)<br><br>Civil No.:  2:18-cv-00950 DB-DBP |

**COMPLAINT FOR VIOLATION
OF THE FAIR LABOR STANDARDS ACT (UNPAID WAGES AND OVERTIME
AND RETALIATION), AND UTAH WAGE AND CONTRACT LAWS.**

---

Plaintiff, AIMEE DANSIE hereby complains against Defendants,

---

[1] Entity Number: 11057490-0160; Company Type: LLC – Domestic; Address: 2745 N JUNIPER CIR North Logan, UT 84341; Registered Agent: MATTHEW R NIELSON
Registered Agent Address:  2745 N JUNIPER CIR North Logan, UT 84341

1

demanding a trial by jury, and seeking relief as follows:

PARTIES

1.      Plaintiff, AIMEE DANSIE, presently resides in Utah. At all times relevant herein, Plaintiff was a resident of the State of Utah, and all acts herein complained occurred in the State of Utah.

2.      Defendant, CLEAR PATHWAYS RESIDENTIAL, is a Utah business entity and is an "employer" under the FLSA.

3.      MATT NIELSON and RON JENSEN are both Utah residents.

JURISDICTION AND VENUE

4.      This action is brought pursuant to the Fair Labor Standards Act (FLSA), as codified, 29 U.S.C. 201 to 219 and pursuant to Utah state employment and contract laws.

5.      This Court has pendent jurisdiction of the related state law claims asserted under 28 U.S.C. § 1367 because they arise from a nucleus of operative facts common to the causes of action arising under this complaint, and because exercising pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

6.      Venue is proper in this Court pursuant to Utah Code § 78B-3-304(2) and 28 U.S. Code § 1391 because all work completed and described herein was performed in the State of Utah.

## PRELIMINARY STATEMENT

This s a simple failure to pay minimum wage and overtime case (and illegal retaliation based on the fact that Plaintiff complained about such, then was fired for having raised such), coupled with violations of Utah state law. Defendants employed the Plaintiff, Aimee Dansie, as a clinical director.  Defendants put her on salary, but such was a sham.

Defendants failed to pay Plaintiff on time at least 11 times (on average they paid her late by more than a couple of days).  Plaintiff routinely worked over 40 hours in a workweek.  See Appendix.

For these reasons Plaintiff seeks unpaid wages, liquidated damages, attorney fees, and all other relief permitted under the Fair Labor Standards Act and related Utah laws.

## STATEMENT OF FACTS

7.     At all times relevant, Defendants have been and continue to be "employers" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 201, et seq.  Defendants are *employers* (per the FLSA) over Plaintiffs.

8.     All Defendants acted in concert, so any alleged facts applies to all of them.

9.     The individuals names were also partners.

3

10.     At all times relevant, Defendants employed and continue to employ, employees, including those like Plaintiff, who engage in commerce or in the production of goods for commerce.

11.     CLEAR PATHWAYS RESIDENTIAL (CPR) is a business regulated by the FLSA, and was a covered enterprise during the time Plaintiff worked for Defendants. They were *employers* within the meaning of the FLSA.

12.     During the time Plaintiff worked for Defendants, she was a non-exempt employee according to the FLSA.

13.     Plaintiff was hired by Defendants on or about November 15 of 2018.

14.     She was fired on or about June 1, 2019 because she raised the issue of Defendants not complying with the FLSA (paying her late and raising FLSA issues – such as being paid a sham salary).

15. At first, Plaintiff had an annual salary: $100,000, which was about $4,167.00 bi-weekly (on the 5th and 2oth of each month).

16. She worked approximately 65 hours per week during the entire time she worked for Defendants.

17.     Defendants failure to properly pay Plaintiff per the terms of the FLSA and Utah law was deliberate and willful.

18.     After Plaintiff complained to management about the lateness of her checks, and the failure to pay overtime properly, the following acts of retaliation occurred:

a.  Despite the fact that Plaintiff had a written contract that promised to pay her $100,00 per year through June 1, 2019, in April of 2019 her pay was cut to $2,450 every two weeks. Id.

b.  Matt Nielson in April of 2019 said that he was going to pay Plaintiff based on what he felt Plaintiff was worth (instead of per the written agreement).

19.     Because of this action, both Plaintiff is incurring attorney fees at the rate of $550 per hour (or whatever the Court will allow).

20.     An administrative action took place in Utah, and the State of Utah awarded Plaintiff $9,326 for unpaid wages, plus interest, which still needs to be updated. Id.

21.     Defendants paid her late 11 times (for 22 weeks).

a.  The hours worked weekly were 65.

b.  65 hours times $7.25 (the unpaid minimum wage liquidated damages amount) is $471.25 per week, which is $10,367.50.

22. After being fired – on June 2, 2019 - Plaintiff sent Defendants a written demand for payment for $9,318.00.

23. Despite the demand, payment has not been made.

24. Plaintiff has filed this suit within 60 days of that demand; thus, Defendants owe an additional $16,666.00.

25. A total of at least $36,359.50 is owed by Defendants to Plaintiff for the unpaid wages.

26. After being fired, Plaintiff could not find other suitable work until July 8.

27. Defendants were paying Plaintiff $273.97 per day (salary divided by 365).

28. She was unemployed for 35 days, for a lost amount of $9,588.95.

29. Now, she earns $198 per day (on average), for a difference of $75.97 per day, which are ongoing damages.

## CAUSES OF ACTION

### 1. Violation of the Wage Requirement of the Fair Labor Standards Act

30.   Plaintiff incorporates by reference each of the preceding paragraphs as though set forth herein at length.

31.   Defendant violated the FLSA § 7, U.S.C. § 207 by failing to pay overtime wages, and by retaliating against her for having raised the unpaid wages issue (they docked her pay, and then, fired her, which certainly changed the terms and conditions of her employment).

32.   Pursuant to the FLSA § 16, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover unpaid wages, overtime, wage differential,

liquidated damages in an equal amount, attorney's fees, and the cost of this litigation.

## 2.  Violation of Utah wage laws.

26. Utah Code Ann. § 34-28-5 states:

(1)(a) When an employer separates an employee from the employer's payroll the unpaid wages of the employee become due immediately, and the employer shall pay the wages to the employee within 24 hours of the time of separation at the specified place of payment. . . . . (c)(i) In case of failure to pay wages due an employee within 24 hours of written demand, **the wages of the employee shall continue from the date of demand until paid, but in no event to exceed 60 days**, at the same rate that the employee received at the time of separation. (ii) The employee may recover the penalty thus accruing to the employee in a civil action. This action shall be commenced within 60 days from the date of separation. Bold added.

## 3.  Any other cause of action the facts (known or unknown) may support.

### RELIEF REQUESTED/PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants for the following relief:

1.        All statutory, general, compensatory (as given above, plus ongoing damages of  $75.97 daily), consequential, and other

damages allowed by law (such as late fees awarded by the Utah
Commission for $2,812.73, and other penalties)**;**

2.          An order awarding damages for  wrongful, constructive
termination through retaliation;

3.          An order requiring Defendants to pay all costs, legal fees,
and expenses incurred in this action;

4.          Any such further orders as the Court may deem just and
proper under the circumstances, such as pre- and post-judgment
interest.

Dated this 28th day of July, 2019

GREG SMITH AND ASSOCIATES PC

<u>/s/ Gregory B. Smith</u>
Gregory B. Smith
*Attorney for Plaintiff*